IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFTON COOPER, individually and on behalf of others similarly situated, | ) ) ) | **Case No:** |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| CONTINENTAL SERVICE GROUP, INC., d/b/a CONSERVE, | ) ) ) ) | **JURY DEMANDED** |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

1. Plaintiff, Clifton Cooper (hereinafter "Plaintiff" or "Cooper"), files this Complaint against Defendant, Continental Service Group, Inc., d/b/a ConServe (hereinafter "ConServe") on behalf of himself and all other similarly situated individuals, for monetary damages and injunctive relief as a result of more than 100 unwanted and harassing calls placed to his home telephone number ("Home Number" or "residential telephone line").

2. Such calls were made to Cooper's residential telephone line using an artificial or prerecorded voice to deliver a message without his prior express consent, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(B) and its implementing regulations at 47 C.F.R. § 64.1200(a)(3) as well as the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2 ("ICFA").

3. Additionally, many of these calls violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(b).

1

## *Parties and Jurisdiction*

4. At all times relevant, Cooper is and was a natural person and a citizen of the State of Illinois, residing in this district.

5. Cooper is a "person" as defined by 47 U.S.C. § 153(39) and ICFA, 815 ILCS 505/1(c).

6. Continental Service Group, Inc., d/b/a ConServe, is a New York corporation with its headquarters located at 200 Crosskeys Office Park, Fairport, New York 14450. Continental Service Group, Inc., is licensed to do business in Illinois under the assumed name of ConServe and operates as an "accounts receivable management" company.

7. ConServe is a "debt collector" pursuant to the FDCPA, 15 U.S.C. § 1692a(6), because it uses instrumentalities of interstate commerce in a business, the principal purpose of which is the collection of debts and regularly collects and attempts to collect debts owed or due or asserted to be owed or due another.

8. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the TCPA, 47 U.S.C. § 227 *et seq.* and the FDCPA, 15 U.S.C. § 1692 *et seq*.

9. Supplemental jurisdiction exists over Plaintiff's ICFA claim pursuant to 28 U.S.C. § 1367, because it is related to Plaintiff's TCPA claims as they arise from the same facts and circumstances.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because ConServe transacts business in this district.

## *Factual Allegations Specific to Plaintiff*

11. As early as January of 2016, Plaintiff began to receive unsolicited calls on his residential telephone line from several toll-free telephone numbers, including but not limited to (866) 625-

5093, (844) 487-7738, (844) 868-3371, (844) 999-1962, (877) 999-1962, (888) 432-9921, (877) 999-1960 and (872) 999-1210. Plaintiff received these calls on his Home Number as frequently as 2 to 3 times a day and 5 to 7 times a week, including Sundays.

12. After doing some research, Plaintiff discovered that these calls were coming from Defendant ConServe, a debt collector as defined by the FDCPA, 15 U.S. C. § 1692a(6).

13. Plaintiff has no current or past bills from any company or other creditor in collection, nor did he have any consumer debt at any time relevant to this Complaint.

14. The calls made to Cooper's Home Number by Defendant used an artificial or prerecorded voice to deliver a message that indicated that Plaintiff was not the intended recipient of the calls.

15. The messages delivered by ConServe and left on Plaintiff's voicemail ask for an individual other than Plaintiff and then state "[I]f this person is not available please press 3."

16. In or around March 2016, Cooper received a call from and spoke live to a ConServe representative, who again asked to speak with an unknown third party who was neither a member of Cooper's household nor otherwise related or even known to him.

17. When Plaintiff explained to the ConServe representative that he was not the individual to whom Defendant wished to speak, and that he did not know this third party or have any idea who this person was, the representative nonetheless persisted, asking him to verify the unknown individual's social security number. After Plaintiff reiterated that he did not know or know of this third party and thus could not verify their social security number, Defendant's representative ended the conversation.

18. That was not, however, the end of Defendant's phone calls to Cooper's Home Number. In fact, ConServe continued to call Plaintiff on his residential telephone line using an artificial or

3

prerecorded voice to deliver a message with the same frequency as before his March 2016 conversation with Defendant's representative.

19. ConServe continued to call Cooper's Home Number using an artificial or prerecorded voice to deliver a message throughout the remainder of 2016, all through 2017 and through May of 2018. The last such call logged by Plaintiff was on June 1, 2018.

20. In total, Plaintiff received more than 100 unwanted and harassing calls to his Home Number from ConServe.

21. The calls from ConServe to Cooper were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A).

22. The Home Number at which Defendant called Plaintiff has been assigned to Cooper and/or members of his family continuously since 1946.

**COUNT I: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

23. Plaintiff hereby incorporates by reference paragraphs 1-22 as if set forth fully in this Count.

24. Plaintiff brings this action on behalf of a Class ("Class A") under Federal Rule of Civil Procedure 23(a) and 23(b)(2) and (3) consisting of:

    a. All persons in the United States;

    b. Who received two or more calls from ConServe on their residential telephone lines;

    c. Within the four years prior to the date of filing of this Complaint;

    d. Where the calls were made using an artificial and or prerecorded voice to deliver a message;

   e. Wherein the calls and messages were intended for, or sought to speak with, an individual who was not the called party; and

   f. The calls were made in violation of both the TCPA and the FDCPA.

25. Plaintiff reserves the right to modify the Definition of the Class (or add one or more subclasses) after further discovery.

26. The prerequisites under Federal Rule of Civil Procedure 23(a) are satisfied.

27. Upon information and belief, the class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). The actual number of class members is in the exclusive control of ConServe.

28. The identity of the class members is ascertainable through records maintained by ConServe.

29. There are questions of law and fact common to Plaintiff and the proposed class pursuant to Fed. R. Civ. P. 23(a)(2), including but not limited to the following:

   a. Whether ConServe violated the TCPA by placing calls using a pre-recorded and/or artificial voice to deliver a message to residential telephone lines;

   b. Whether ConServe violated the FDCPA by repeatedly calling Plaintiff and the members of Class A to acquire location information about a third-party consumer; and

   c. Whether Plaintiff and the Class members are entitled to statutory damages as a result of ConServe's actions.

30. Plaintiff is an adequate representative of the class because his interests do not conflict with those of the class, he will fairly and adequately protect the interest of the class, and he is represented by counsel skilled and experienced in class actions. Fed. R. Civ. P. 23(a)(4).

31. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

32. Additionally, the Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a duplicative, individual basis.

33. ConServe has acted on grounds that apply generally to the class, namely the placement of calls using an ATDS and/or an artificial or pre-recorded voice, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Fed. R. Civ. P. 23(b)(2).

34. At all times mentioned herein and within the four years prior to the filing of this Complaint, ConServe and/or its agents placed calls to Plaintiff and the Class A members on their residential telephone lines using an artificial or prerecorded voice to deliver a message.

35. ConServe and/or its agents contacted Plaintiff and the Class A members by means of telephone calls placed to their residential telephone lines using an artificial or prerecorded voice to deliver a message without their prior express consent, as required by the TCPA, 47 U.S.C. § 227(b)(1)(A).

36. Upon information and belief, Defendant ConServe used and uses skip tracing as well as internet resources and various websites to identify potential relatives, friends, acquaintances and/or possible associates of consumers whose accounts have been placed for collection with ConServe, as well as to obtain those consumersø contact and location information.

37. Moreover, also upon information and belief, in or around January 2016, Defendant ConServe began a telephonic campaign which endeavored to collect the debt allegedly owed by the consumer about whom ConServe called Plaintiff's Home Number by contacting various third parties.

38. Plaintiff Clifton Cooper was one of the persons, non-account holders, whose identity was obtained through Defendant's investigation as described in the foregoing paragraph 36.

39. During the telephonic campaign described above in paragraph 37, Defendant ConServe called Plaintiff's Home Number using an artificial or prerecorded voice to deliver a message on numerous occasions.

40. Defendant continued to call Plaintiff's Home Number using an artificial or prerecorded voice to deliver a message even after Plaintiff spoke to a ConServe representative in or around March 2016 and informed Defendant that he was not related to, did not personally know and did not have any knowledge of the consumer Defendant was looking for, and that he could not verify this individual's social security number.

41. While <u>it is the case</u> that the TCPA's implementing regulations, at 47 C.F.R § 64.1200(a)(3)(iii), contain an exception that allows a person or entity to initiate a telephone call to a residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party *if* the call is made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing (the so-called "debt collector's exemption"), <u>it is also the case</u> that the FDCPA, at 15 U.S.C. § 1692b(3), prohibits a debt collector from communicating with any person (other than the consumer) for the purpose of acquiring location information about that consumer, ***more than once***, unless requested to do so by such person or unless the debt collector reasonably believes that the earlier

7

response of such person is erroneous or incomplete and that such person now has correct or complete location information (emphasis added).

42. Cooper never provided his telephone number to Defendant. Nor did Plaintiff give his "prior express consent" or any other form of consent allowing Defendant to initiate calls to his Home Number using an artificial or prerecorded voice to deliver a message, within the meaning of 47 U.S.C. § 227(b)(1)(B).

43. Moreover, Cooper never requested that Defendant communicate with him further regarding location information for the consumer on whose account Defendant was trying to collect, either during his March 2016 conversation with ConServe's representative or at any time thereafter.

44. Notwithstanding the exceptions in 47 C.F.R § 64.1200(a)(3)(i-v) permitting certain calls to be placed to residential telephone lines using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, nothing in either the TCPA or its implementing regulations allows for the initiation of calls made in violation of other federal statutes.

45. The multiple calls placed by ConServe and/or its agents to Plaintiff's Home Number using an artificial or prerecorded voice to deliver a message initiated after Plaintiff's March 2016 conversation with ConServe's representative violate the FDCPA, 15 U.S.C. § 1692b(3).

46. Further, placing multiple such calls to Cooper's Home Number after he had indicated to Defendant's representative that he was not in any way related to or acquainted with the consumer ConServe was attempting to locate constitutes abusive, annoying and harassing conduct that also violates the FDCPA. Section 1692d(5) of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress or abuse ***any person*** in

connection with the collection of a debt, including causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass *any person* at the called number (emphasis added).

47. The prevention of such annoying, abusive and harassing conduct in the making of telephone calls was precisely the reason the TCPA was enacted in 1991.

48. As a result of each call made in negligent violation of the TCPA, Plaintiff and the Class A members are entitled to an award of $500.00 in statutory damages for each call pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 C.F.R. § 64.1200(a)(3).

49. In addition, because the calls at issue here were made in knowing violation of the TCPA, the Court in its discretion may award Plaintiff and the Class A members treble damages in the amount of $1500.00 for each call pursuant to 47 U.S.C. § 227(b)(3).

50. Moreover, the TCPA expressly authorizes injunctive relief to prevent future violations of the Act. 47 U.S.C. § 227(c)(3)(A).

51. Accordingly, Plaintiff additionally asks this Court, on behalf of the Class, for injunctive relief and to order ConServe to immediately cease engaging in the placement of phone calls in violation of the TCPA.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendant ConServe, and for the following relief:

a- Certification of the class action with Plaintiff as Class representative under Rule 23 of the Federal Rules of Civil Procedure and undersigned counsel as Class counsel, and designating this Complaint the operable complaint for Class purposes;

b- An order enjoining ConServe and/or its agents from engaging in future communications in violation of the TCPA;

c- Entering judgment that Defendant ConServe violated 47 U.S.C. § 227(b)(3);

d- Awarding Plaintiff and the Class A members statutory damages in an amount of $500.00 per phone call in violation of the TCPA, an amount to be determined at trial;

e- Awarding treble damages for each violation determined to be willful and/or knowing under the TCPA, to be determined at trial;

f- Any other relief the Court deems just and appropriate.

### COUNT II: CLASS ACTION FOR VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT, 815 ILCS § 505/2, *et seq.* ON BEHALF OF PLAINTIFF AND A CLASS OF SIMILARLY-SITUATED PERSONS

52. Plaintiff incorporates the preceding paragraphs 1-51 into this count.

53. Plaintiff brings this action on behalf of a Class under the Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (3) and proposes a Sub-Class of the Class previously defined in Count I of this Complaint consisting exclusively of Illinois residents, and for a period of 3 years prior to the filing of this Complaint.

54. Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, ("ICFA"), prohibits, *inter alia*, deceptive and unfair conduct, including but not limited to, false representations, false statements and omissions. Section 2 provides that: Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform

Deceptive Trade Practices Act", approved August 5, 1965 [815 ILCS 510/2], in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act [15 U.S.C. § 45].

55. The ICFA prohibits both unfair and deceptive acts; its respective prohibitions are disjunctive, meaning a Plaintiff may prevail through a showing of unfair conduct without having to prove deceptive conduct, and vice-versa.

56. Under the ICFA, an unfair act or practice is one that (a) offends public policy; (b) is immoral, unethical, oppressive or unscrupulous; or (c) causes substantial injury to consumers.

57. ConServe engaged in a pattern and practice of repetitively placing calls to Plaintiff's and the Sub-Class members' residential telephone lines without prior express consent, and in violation of both the TCPA and the FDCPA.

58. Such conduct is immoral, oppressive and unscrupulous, and violates the strong Illinois public policy against debt collector mistreatment of both consumer debtors and third parties, because repetitively placing calls in an attempt to contact individuals without first obtaining their consent circumvents their privacy rights and intrudes upon their seclusion.

59. By way of example, ConServe's conduct is unfair, unethical, oppressive and unscrupulous, and offends Illinois public policy, in that said conduct is prohibited by both the Telephone Consumer Protection Act and the FDCPA, 15 U.S.C. § 1692b(3).

60. Additionally, § 1692d(5) of the FDCPA specifically prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress or abuse ***any***

11

*person* in connection with the collection of a debt," by "causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass *any person* at the called number." 15 U.S.C. § 1692d(5), emphasis added.

61. A violation of a federal statute that embodies the public policy of Illinois is also actionable under the unfairness prong of the ICFA. *Johnson v. Matrix Fin. Servs. Corp.,* 354 Ill. App. 3d 684, 691, 820 N.E. 2d 1094, 1101 (1st Dist. 2004).

62. ConServe's misconduct occurred during the course of Illinois trade and commerce.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and a class of similarly-situated Illinois residents and against ConServe and award damages as follows:

    a- Actual damages in an amount to be proven at trial;

    b- Punitive damages pursuant to 815 ILCS § 505/10a;

    c- Attorney's fees, expenses, and costs incurred;

    d- Any other relief this Court deems just and proper.

## COUNT III: CLASS ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ON BEHALF OF PLAINTIFF AND A CLASS OF SIMILARLY-SITUATED PERSONS

63. Plaintiff incorporates the preceding paragraphs 1-62 into this count.

64. Plaintiff brings this action on behalf of a Class ("Class B") under Federal Rule of Civil Procedure 23(a) and 23(b)(2) and (3) consisting of:

    a. All persons in the United States;

    b. Who received two or more calls from ConServe on their cellular telephones and/or residential telephone lines;

    c. Within one year prior to the date of filing of this Complaint;

    d. Where the caller or the message failed to identify the caller and state that s/he is confirming or correcting location information concerning a consumer who was not the called party;

    e. Where the caller or the message left requested to speak with an individual who was not the called party; and

    f. Where the call was intended to acquire location information about a consumer from a third party who was not the consumer.

65. Plaintiff reserves the right to modify the Definition of the Class (or add one or more subclasses) after further discovery.

66. The prerequisites under Federal Rule of Civil Procedure 23(a) are satisfied.

67. Upon information and belief, the class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). The actual number of class members is in the exclusive control of ConServe.

68. The identity of the class members is ascertainable through records maintained by ConServe.

69. There are questions of law and fact common to Plaintiff and the proposed class pursuant to Fed. R. Civ. P. 23(a)(2), including but not limited to the following:

    a- Whether ConServe violated the FDCPA, § 1692b(3) by placing two or more calls to Plaintiff and the members of Class B for the purpose of acquiring location information about a consumer from persons other than the consumer;

    b- Whether ConServe violated the FDCPA § 1692b(1) by calling Plaintiff and the members of Class B to acquire location information about a consumer

13

    where the caller failed to identify her/himself and state that s/he is confirming or correcting location information concerning the consumer;

  c- Whether ConServe violated the FDCPA § 1692d(5) by calling Plaintiff and the members of Class B and causing their respective telephones to ring repeatedly or continuously with intent to annoy, abuse or harass Plaintiff and the members of Class B; and

  d- Whether Plaintiff and the Class members are entitled to statutory damages as a result of ConServe's actions.

70. Plaintiff is an adequate representative of the class because his interests do not conflict with those of the class, he will fairly and adequately protect the interest of the class, and he is represented by counsel skilled and experienced in class actions. Fed. R. Civ. P. 23(a)(4).

71. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

72. Additionally, the Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a duplicative, individual basis.

73. ConServe has acted on grounds that apply generally to the class, namely the placement of multiple calls for the purpose of acquiring location information about a consumer to persons other than the consumer, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Fed. R. Civ. P. 23(b)(2).

74. Within one year prior to the filing of this Complaint, ConServe and/or its agents placed two or more calls to Plaintiff and the non-account holding Class B members for the purpose of acquiring location information about a third-party consumer.

75. The FDCPA, at 15 U.S.C. § 1692b(3), prohibits a debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer *from communicating with such person more than once*, unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information (emphasis added).

76. Between February 1, 2018 and June 1, 2018, ConServe and/or its agents called Plaintiff's Home Number more than 30 times for the purpose of obtaining location information about a consumer that Plaintiff was not related to, was not acquainted with, nor was otherwise known to him.

77. Cooper never requested that Defendant communicate with him any further regarding location information for the consumer on whose account Defendant was trying to collect, either during his March 2016 conversation with a ConServe representative or at any time thereafter.

78. Moreover, FDCPA § 1692b(1) requires that any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer identify her/himself and state that s/he is confirming or correcting location information concerning the consumer.

79. Neither the live callers to whom Plaintiff spoke, nor any of the messages left for Plaintiff by employees and/or agents of ConServe identified the caller or stated that the call was placed

for the purpose of confirming or correcting location information concerning the consumer Defendant was attempting to reach.

80. Furthermore, Section § 1692d(5) of the FDCPA specifically forbids a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of a debt by causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

81. Defendant violated this provision of the FDCPA by calling Plaintiff's Home Number more than 30 times in 5 months, even after Cooper had informed Defendant that he did not know or have any knowledge of the consumer Defendant was attempting to locate.

82. Both the frequency of Defendant's calls and the circumstances under which they were made had the natural consequence of annoying, abusing or harassing the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and the members of Class B and against ConServe and award damages and other relief as follows:

a- An order certifying Class B as defined above, appointing Plaintiff as class representative, and appointing his attorneys as class counsel;

b- Actual and statutory damages as provided under § 1692k of the FDCPA;

c- An award of reasonable attorneys' fees and costs incurred in this action pursuant to § 1692k of the FDCPA; and

d- Such further and other relief the Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action on all claims so triable.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that ConServe take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If ConServe is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that ConServe request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of ConServe.

Respectfully submitted,

By: /s/ Richard J. Meier
One of Plaintiff's Attorneys

Lance A. Raphael
Craig R. Frisch
The Consumer Advocacy Center, P.C.
180 West Washington Street, Suite 700
Chicago, IL 60602
(312) 782-5808

Christopher Kruger
KRUGER & GRUBER, LLP
500 N. Michigan Ave., Ste. 600
Chicago, IL 60611
(773) 663-4949

Richard J. Meier, Esq.
401 N. Michigan Ave, Suite 1200
Chicago, IL 60611
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com